Pee. CubjaM.
 

 Nelson sold lands to Stuart, and covenanted to refund in case the vendee, Stuart, “
 
 should he held out hy an elder right or claim, or any just cause
 
 whatsoever.” He alleges for breach, “
 
 that he, the vendor, had no right or title, and that he, the vendee, was Icept out by legal authority and just claim.”
 
 The covenant states “
 
 that the disposition of said land is subject to the claim of a life estate in William Bay, against which the said Stuart is to provide.”
 
 Is it sufficient to state that the vendor had no right or title ? Surely not; for suppose the vendor afterwards got a title by purchase and conveyance, or by devise or inheritance; or suppose he pay the owner and bind him by covenant never to sue ; or suppose a title
 
 *430
 
 by the act of limitation by a lapse of time, partly after the covenant with Stuart and
 
 *
 
 partly before ; or suppose a bar of the opposite claim, or the extinguishment thereof by discontinuance, or the falling of an estoppel or warranty upon the owner, or an extinguishment of the title by other legal means, and that no action or claim shall ever be brought or made use of against Stuart, to keep the possession from him, and that no eviction shall ever take place; shall he, notwithstanding, maintain his action ? Eviction is the gist of his action; he cannot keep possession and yet sue the vendor, as he certainly may do if it is sufficient to state, as here, that the vendor had no title, is
 
 it sufficient to
 
 say,
 
 kept out by legal authority and just claim?
 
 The eviction or keeping out must be alleged to have been by elder and better title, or by a title which existed at or anterior to the covenant, to exclude the idea of a title derived under the plaintiff since the covenant. 2 Saund. 180; 4 T. 617 ; 6 T. 281, 283 ; 2 B. & P. 14. Here is nothing to exclude that idea, nor the idea of having been held out by the life estate, for which the vendor was not answerable. The holding out should have been stated to be by elder and better title, and that it was not by the outstanding life estate. It is now wholly uncertain by what title he was kept out; it must be ascertained by repleading.
 

 As to the objection that the covenant is not stated to be a writing, sealed with the seal of the defendant, we do not perceive why the word
 
 covenant
 
 does not as much imply a writing sealed as the words deed or indenture
 
 do;
 
 and, moreover, the plea of payment which the defendant pleaded to this action, speaks of it as a covenant, and admits it to be so.
 

 Reverse the judgment and remand it to the Circuit Court, with directions to replead so as to bring in issue the material facts in the case.
 

 See, as to
 
 eviction, Stipe
 
 v.
 
 Stipe,
 
 2 Head, 169;
 
 Miller
 
 v.
 
 Bentley, 5
 
 Sneed, 671;
 
 Allison
 
 v.
 
 Allison,
 
 1 Yer. 16;
 
 Meek
 
 v.
 
 Bearden,
 
 5 Yer. 567;
 
 Yound
 
 v.
 
 Butler,
 
 1 Head, 640;
 
 Freel
 
 v.
 
 Campbell,
 
 3 Hay. 76. See King’s Digest, 4061, 4100, 4111-15.